1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11  ROSA M. HIDALGO,                    Case No. CV 14-6421 JC
12              Plaintiff,
                                        MEMORANDUM OPINION AND
13      v.                              ORDER OF REMAND
14  CAROLYN W. COLVIN, Acting
15  Commissioner of Social Security,
16              Defendant.
17

18  **I.    SUMMARY**

19          On August 20, 2014, Rosa M. Hidalgo ("plaintiff") filed a Complaint

20  seeking review of the Commissioner of Social Security's denial of plaintiff's

21  applications for benefits.  The parties have consented to proceed before the

22  undersigned United States Magistrate Judge.

23          This matter is before the Court on the parties' cross motions for summary

24  judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25  Court has taken both motions under submission without oral argument.  See Fed.

26  R. Civ. P. 78; L.R. 7-15; August 20, 2014 Case Management Order ¶ 5.

27  ///

28  ///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 17, 2011, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits.  (Administrative Record ("AR") 143, 145).  Plaintiff asserted that she became disabled on November 30, 2010, due to surgery to remove a large tumor from her left leg, diabetes, and high blood pressure.  (AR 163).  The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who appeared with a non-attorney representative and was assisted by a Spanish-language interpreter) and a vocational expert on February 26, 2013.  (AR 35-67).

On March 15, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 22-30).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  obesity, history of left lower extremity necrotizing fasciitis (status post debridement), and lumbar spine and cervical spine degenerative disc disease (AR 24); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 25); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR 25); (4) plaintiff could perform some past relevant work (AR 29-

---

[1]The ALJ determined that plaintiff:  (i) could exert up to 20 pounds of force occasionally and/or up to 10 pounds of force frequently and/or a negligible amount of force constantly to move objects; (ii) could stand and walk up to 6 hours and sit up to 6 hours in an 8-hour workday with normal breaks; (iii) had limited ability to communicate in English; (iv) could not climb ladders, ropes or scaffolds, or walk on uneven ground, or crawl; (v) could only occasionally climb ramps or stairs, balance, stoop, kneel, or crouch; (vi) could not be exposed to extreme cold or unprotected heights; and (vii) could have no more than occasional or moderate exposure to hazardous machinery, or other high risks, or hazardous or unsafe conditions.  (AR 25).

30); and (5) plaintiff's allegations regarding the intensity, persistence, and limiting effects of her subjective symptoms were not credible "to the extent [plaintiff] alleges that [her] symptoms justify additional functional limitations beyond [the ALJ's residual functional capacity assessment]" (AR 27).

The Appeals Council denied plaintiff's application for review.  (AR 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     (4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

     (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

     The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B.    Standard of Review

     Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Courts review only the reasons provided in the ALJ's decision, and the decision may not be affirmed on a ground upon which the ALJ did not rely.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

     Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but

1    less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,

2    911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence

3    supports a finding, a court must "'consider the record as a whole, weighing both

4    evidence that supports and evidence that detracts from the [Commissioner's]

5    conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

6    (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  A denial of benefits

7    must be upheld if the evidence could reasonably support either affirming or

8    reversing the ALJ's decision.  Robbins, 466 F.3d at 882 (a court may not

9    substitute its judgment for that of the ALJ) (citing Flaten, 44 F.3d at 1457); see

10   also Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more

11   than one rational interpretation, we must uphold the ALJ's findings if they are

12   supported by inferences reasonably drawn from the record.") (citation omitted).

13        Even when an ALJ's decision contains error, it must still be affirmed if the

14   error was harmless.  Treichler v. Commissioner of Social Security Administration,

15   775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was

16   inconsequential to the ultimate nondisability determination; or (2) the ALJ's path

17   may reasonably be discerned, even if the ALJ explains the ALJ's decision with

18   less than ideal clarity.  Id. (citation, quotation marks, and internal quotations

19   marks omitted).

20        A reviewing court may not make independent findings based on the

21   evidence before the ALJ to conclude that the ALJ's error was harmless.

22   Brown-Hunter v. Colvin, ___ F.3d ___, 2015 WL 6684997, *4 (9th Cir. Nov. 3,

23   2015) (citations omitted); see also Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir.

24   2015) (district court may not use harmless error analysis to affirm decision on

25   ground not invoked by ALJ) (citation omitted).  Where a reviewing court cannot

26   confidently conclude that an error was harmless, a remand for additional

27   investigation or explanation is generally appropriate.  See Marsh, 792 F.3d at 1173

28   (remanding for additional explanation where ALJ ignored treating doctor's

1  opinion and court not could not confidently conclude ALJ's error was harmless);

2  Treichler, 775 F.3d at 1099-1102 (where agency errs in reaching decision to deny

3  benefits and error is not harmless, remand for additional investigation or

4  explanation ordinarily appropriate).

5  **IV.   DISCUSSION**

6         Plaintiff contends that the ALJ improperly evaluated the opinions of Dr.

7  Thomas J. Grogan, an examining orthopaedic surgeon who apparently examined

8  plaintiff at the request of her representative.  (Plaintiff's Motion at 8-16).  The

9  Court finds that a remand is warranted because the ALJ erred in evaluating the

10 medical opinion evidence, and the Court cannot find that the ALJ's error was

11 harmless.

12        **A.   Pertinent Law**

13        In Social Security cases, courts give varying degrees of deference to

14 medical opinions depending on the type of physician who provided them, namely

15 "treating physicians," "examining physicians," and "nonexamining physicians."

16 Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation

17 marks omitted).  A treating physician's opinion is generally given the most weight,

18 and may be "controlling" if it is "well-supported by medically acceptable clinical

19 and laboratory diagnostic techniques and is not inconsistent with the other

20 substantial evidence in [the claimant's] case record[.]"  20 C.F.R.

21 §§ 404.1527(c)(2), 416.927(c)(2); Orn, 495 F.3d at 631 (citations and quotation

22 marks omitted).  As a general rule, opinions from treating physicians are given the

23 greatest weight "[b]ecause treating physicians are employed to cure and thus have

24 a greater opportunity to know and observe the patient as an individual. . . ."

25 Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996) (citations omitted).  An

26 examining, but non-treating physician's opinion is entitled to less weight than a

27 treating physician's, but more weight than a nonexamining physician's opinion.

28 Garrison, 759 F.3d at 1012 (citation omitted).

1    A treating or examining physician's opinion, however, is not necessarily
2    conclusive as to either a physical condition or the ultimate issue of disability.
3    Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  An
4    ALJ may reject the uncontroverted opinion of a treating physician or an examining
5    physician by providing "clear and convincing reasons that are supported by
6    substantial evidence."  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)
7    (citation omitted).  Where a treating or examining physician's opinion is
8    contradicted by another doctor's opinion, an ALJ may reject the
9    treating/examining opinion only "by providing specific and legitimate reasons that
10   are supported by substantial evidence."  Garrison, 759 F.3d at 1012 (citation and
11   footnote omitted).

12        **B.    Analysis**

13        In the report of a December 18, 2012 physical examination of plaintiff, Dr.
14   Grogan, among other things, diagnosed plaintiff with chronic morbid obesity,
15   peripheral neuropathy secondary to diabetes mellitus, degenerative disc disease
16   (cervical and lumbar spine), history of atherosclerotic cardiovascular disease with
17   hypertension and hypercholesterolemia, and history of excision of mass (left
18   groin).  (AR 311-12).  In a Physical Capacities Evaluation form of the same date,
19   Dr. Grogan essentially opined that plaintiff's impairments and related limitations
20   would prevent plaintiff from engaging in work at even the sedentary level of
21   exertion ("Dr. Grogan's Opinions").  (AR 316).  The ALJ gave "little weight" to
22   Dr. Grogan's Opinions.  (AR 27).  Plaintiff contends that the ALJ's reasons for
23   rejecting Dr. Grogan's Opinions were inadequate.  (Plaintiff's Motion at 8-11).
24   The Court agrees.

25        First, the ALJ stated that "Dr. Grogan examined [plaintiff] only once and he
26   is not a treating physician."  (AR 27) (citing 20 C.F.R. §§ 404.1527(c),
27   416.927(c)).  Since the ALJ's decision appears to rely primarily on the opinions of
28   other state-agency examining and reviewing physicians, the mere fact that Dr.

1  Grogan also did not treat plaintiff is not a specific or legitimate reason for giving

2  less weight to Dr. Grogan's opinions.  Cf. Lester v. Chater, 81 F.3d 821, 832 (9th

3  Cir.), as amended (1996) ("An examining doctor's findings are entitled to no less

4  weight when the examination is procured by the claimant than when it is obtained

5  by the Commissioner.") (quoting Ratto v. Secretary, 839 F. Supp. 1415, 1426 (D.

6  Or. 1993)) (internal quotation marks omitted).

7      Second, the ALJ did not improperly reject Dr. Grogan's conclusory opinion

8  that plaintiff was "partially totally disabled."  (AR 27) (citing Exhibit 13F at 7

9  [AR 317]).  Non-medical opinions that a claimant is disabled or unable to work are

10  not binding on the Commissioner.  See 20 C.F.R. §§ 404.1527(d)(1),

11  416.927(d)(1); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005)

12  (physician's opinion "is not binding on an ALJ with respect to the existence of an

13  impairment or the ultimate determination of disability.") (citation omitted);

14  Boardman v. Astrue, 286 Fed. Appx. 397, 399 (9th Cir. 2008) ("[The]

15  determination of a claimant's ultimate disability is reserved to the Commissioner .

16  . . a physician's opinion on the matter is not entitled to special significance.").

17  Nonetheless, rejection of this individual finding is not a sufficient basis for

18  discrediting Dr. Grogan's Opinions as a whole.

19      Third, the ALJ stated that Dr. Grogan's Opinions are "contradicted both by

20  the internal medicine consultative examination [from Dr. Soheila Benrazavi, a

21  state-agency examining physician] and the State Agency medical consultant [Dr.

22  Stephen A. Whaley, a reviewing physician] . . . ."  (AR 27) (see AR 275-81 [Dr.

23  Benrazavi's August 16, 2011 report of Complete Internal Medicine Evaluation of

24  plaintiff]; AR 296-303 [Dr. Whaley's September 16, 2011 Physical Residual

25  Functional Capacity Assessment of plaintiff]).  Nonetheless, the fact that Dr.

26  Grogan's Opinions were contradicted by other physicians, without more, is not a

27  specific or legitimate reason for rejecting such opinions.  See Garrison, 759 F.3d at

28  1012-13 (ALJ may not reject medical opinion or assign it little weight by simply

8

"asserting without explanation that another medical opinion is more persuasive
. . . ."); see also Ryan v. Commissioner of Social Security, 528 F.3d 1194, 1202
(9th Cir. 2008) ("The opinion of a nonexamining physician cannot by itself
constitute substantial evidence that justifies the rejection of the opinion of [] an
examining physician . . . .") (citation omitted).

Fourth, the ALJ also stated "Dr. Grogan's medical source statement is not
supported by the treatment records (including Dr. Grogan's examination findings).
. . ." (AR 27). The ALJ summarized some (but not all) of Dr. Grogan's findings
from the physician's examination of plaintiff, and concluded that such findings
"[did] not support [Dr. Grogan's] restrictive less-than-sedentary residual
functional capacity, including the limitation to less than six hours of standing and
walking." (AR 29; see AR 316 [Dr. Grogan's opinion that plaintiff could walk
only one hour and stand only two hours total in an eight-hour day]). The ALJ's
conclusion that the same objective examination findings supported less restrictive
limitations than those expressed by Dr. Grogan himself is not a basis for rejecting
Dr. Grogan's conflicting opinions. See Day v. Weinberger, 522 F.2d 1154, 1156
(9th Cir. 1975) (ALJ forbidden from making own medical assessment beyond that
demonstrated by the record); see also Gonzalez Perez v. Secretary of Health &
Human Services, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not reject treating
physician's opinions by substituting own lay interpretation of physician's
underlying objective findings); Banks v. Barnhart, 434 F. Supp. 2d 800, 805 (C.D.
Cal. 2006) ("ALJ cannot arbitrarily substitute his own judgment for competent
medical opinion. . . .") (citations and quotation marks omitted); Winters v.
Barnhart, 2003 WL 22384784, *6 (N.D. Cal. Oct. 15, 2003) ("The ALJ is not
allowed to use his own medical judgment in lieu of that of a medical expert.")
(citations omitted). Dr. Grogan's Opinions were supported by the physician's own
examination of plaintiff (AR 311-12), and thus, without more, could serve as
substantial evidence of plaintiff's impairments and related limitations. See, e.g.,

9

1 Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's

2 opinion on its own constituted substantial evidence supporting ALJ's findings

3 regarding claimant's physical impairment and exertional limitations because the

4 opinion rested on examining physician's independent examination of claimant)

5 (citations omitted).

6          Even assuming, for the sake of argument, that the ALJ provided specific and

7 legitimate reasons for rejecting Dr. Grogan's Opinions to the extent they limited

8 plaintiff to "less than six hours of standing and walking," the ALJ's reasons are

9 not supported by substantial evidence.  In assessing residual functional capacity,

10 the ALJ adopted the opinion of Dr. Whaley, the state-agency *reviewing* physician,

11 that plaintiff could "stand and/or walk (with normal breaks) for a total of [¶] about

12 6 hours in an 8-hour workday."  (AR 28, 297) (emphasis added).  Dr. Whaley's

13 opinion, however, relied almost exclusively on the clinical findings of the

14 consultative *examining* physician, Dr. Benrazavi, who opined that plaintiff could

15 only "stand and walk up to four hours" (compare AR 275-80 with AR 303)

16 (emphasis added) – an opinion the ALJ expressly rejected (AR 29).  Cf., e.g., Orn,

17 495 F.3d at 632 ("When [a non-treating] physician relies on the same clinical

18 findings as a treating physician, but differs only in his or her conclusions, the

19 conclusions of the [non-treating] physician are not substantial evidence.") (internal

20 quotation marks omitted); de Lopez v. Astrue, 643 F. Supp. 2d 1178, 1183-84

21 (C.D. Cal. 2009) (opinions of nonexamining physicians, on their own, do not

22 constitute substantial evidence to support ALJ's determination at Step Four that

23 plaintiff retains the residual functional capacity to perform past relevant work)

24 (citations omitted).

25          Consequently, since the ALJ effectively rejected any competent opinion

26 from a treating or examining physician about the degree of limitation in plaintiff's

27 walking and standing abilities, it appears the ALJ's conclusion that plaintiff

28 retained the residual functional capacity to "stand and walk up to 6 hours" was

1  erroneously based solely on the ALJ's own lay reassessment of the objective

2  medical evidence.  Accordingly, the ALJ's findings, at least regarding plaintiff's

3  standing and walking abilities, lack substantial evidence.  See Penny, 2 F.3d at 958

4  ("Without a personal medical evaluation it is almost impossible to assess the

5  residual functional capacity of any individual."); Tagger v. Astrue, 536 F. Supp.

6  2d 1170, 1181 (C.D. Cal. 2008) ("ALJ's determination or finding must be

7  supported by medical evidence, particularly the opinion of a treating or an

8  examining physician.") (citations and internal quotation marks omitted); see also

9  Winters, 2003 WL 22384784, at *6 ("The ALJ is not allowed to use his own

10  medical judgment in lieu of that of a medical expert.") (citations omitted); Banks,

11  434 F. Supp. 2d at 805 ("[ALJ] must not succumb to the temptation to play doctor

12  and make . . . independent medical findings.") (quoting Rohan v. Chater, 98 F.3d

13  966, 970 (7th Cir. 1996)) (quotation marks omitted).

14      Fifth, the ALJ also stated that "Dr. Grogan concluded that [plaintiff's]

15  disability would only last until June 1, 2013, so even if Dr. Grogan's functional

16  assessment were credited, it is not expected to last the requisite 12 continuous

17  months in duration."  (AR 27) (citing Social Security Ruling 82-52; Exhibit 13F at

18  7 [AR 317]).  However, in the document the ALJ appears to be referencing, Dr.

19  Grogan actually opined that plaintiff generally had a "disability" which was

20  expected to last "at least through [June 1, 2013]."  (AR 317) (emphasis added).

21  Such a statement does not, as the ALJ suggests, necessarily establish that Dr.

22  Grogan expected plaintiff's disability to last "only" until June 1, 2013.  Although

23  apparently inadvertent, the mischaracterization of this evidence calls into question

24  the validity of the ALJ's evaluation of Dr. Grogan's Opinions as a whole.[2]  See,

25

26      [2]The ALJ's decision appears to contain multiple other incorrect characterizations of the
27  record which might be addressed on remand.  For one example, there appear to be some
    inconsistencies between the limitations noted in the ALJ's residual functional capacity
28  assessment and those included in the hypothetical question posed to the vocational expert ("VE")

(continued...)

11

e.g., <u>Regennitter v. Commissioner</u>, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); <u>Lesko v. Shalala</u>, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error); <u>cf.</u> <u>Valenzuela v. Astrue</u>, 247 Fed. Appx. 927, 929 (9th Cir. 2007) (finding ALJ's credibility determination unsupported by substantial evidence where it was based in part on "inaccurate characterization" of claimant's testimony).[3]  To the extent the ALJ found Dr. Grogan's opinion regarding the possible duration of plaintiff's disability unclear, the ALJ should have re-contacted Dr. Grogan to resolve any ambiguity.  <u>See</u> 20 C.F.R. §§ 404.1512(e), 416.912(e); <u>Bayliss</u>, 427 F.3d at 1217 (although claimant bears burden of proving disability, ALJ must recontact a doctor "if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination") (citations omitted).

Sixth, the ALJ also stated "consideration is given to the medicolegal context of the examination (i.e., where a representative refers a person to a clinician for an

_____

[2](...continued)

at the hearing.  (<u>Compare</u> AR 25 [residual functional capacity assessment in ALJ's decision that, among other things, plaintiff could "stand and walk up to <u>6</u> hours" and could not be "expos[ed] to extreme <u>cold</u>"] <u>with</u> AR 62 [ALJ's question posed to VE at hearing that hypothetical claimant, in part, could only "stand or walk up to <u>four</u> hours in an eight-hour workday" and was precluded from "exposure to extreme <u>heat</u>"]) (emphasis added).

[3]Moreover, the document upon which the ALJ appears to rely, looks like a memorandum intended to inform an "[e]mployer" that plaintiff would be "partially totally disabled" for a minimum period of time.  (AR 317).  To the extent the memorandum pertains to a claim under California state workers' compensation law (as it appears to), and not a claim governed by federal Social Security law, the ALJ erred by not recognizing and accounting for the differences between the two statutory schemes when evaluating the medical opinion evidence.  <u>See, e.g.</u>, <u>Desrosiers v. Secretary of Health & Human Services</u>, 846 F.2d 573, 576 (9th Cir. 1988) (finding ALJ's interpretation of treating physician's opinion erroneous where record clear that ALJ affirmatively failed to consider distinction between categories of work under social security disability scheme versus workers' compensation scheme).

1    examination)." (AR 27).  The mere fact that Dr. Grogan examined plaintiff at the

2    request of a Social Security representative, however, is not a legitimate basis for

3    rejecting Dr. Grogan's Opinions.  See Lester, 81 F.3d at 832 ("The purpose for

4    which medical reports are obtained does not provide a legitimate basis for

5    rejecting them."); see also Batson v. Commissioner of Social Security

6    Administration, 359 F.3d 1190, 1196 n.5 (9th Cir. 2004) (same) (citing id.);

7    Lester, 81 F.3d at 832 ("The Secretary may not assume that doctors routinely lie in

8    order to help their patients collect disability benefits.") (citation and quotation

9    marks omitted).

10          Finally, the Court cannot find that the ALJ's errors were harmless.  As noted

11   above, Dr. Grogan essentially opined that plaintiff would be unable to perform

12   even sedentary work.  (AR 316).  Since the vocational expert opined that all of

13   plaintiff's past relevant work was, at least, at the sedentary exertion level (AR 60-

14   62), the Court cannot confidently conclude that the ALJ's residual functional

15   capacity assessment for plaintiff, and in turn, his determination at Step Four that

16   plaintiff was capable of performing any past relevant work, would have been the

17   same absent such error.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

# V.    CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   November 20, 2015

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[4]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.  Nonetheless, on remand the ALJ may wish, among other things, to (i) consider the other issues raised in Plaintiff's Motion, to the extent they have merit; and (ii) seek additional expert testimony to the extent the ALJ now determines that the hypothetical question posed to the vocational expert at the hearing did not accurately describe all of plaintiff's limitations and restrictions that are supported by the record.  See, e.g., Robbins, 466 F.3d at 886 (finding material error where ALJ posed hypothetical question to vocational expert which ignored improperly-disregarded testimony which suggested greater limitations).

[5]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).